Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion Issued January 26,
2006 













   

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-04-01054-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN THE MATTER OF S.W., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 313th District Court

Harris County, Texas

Trial Court Cause No. 2003-06105 J

 








 

 

 

 

 

 



MEMORANDUM OPINION

          Appellant
S.W., a juvenile, was charged with the delinquent conduct of indecency with a
child.  After the jury found that S.W.
engaged in such conduct, the trial court conducted a disposition hearing, and
the jury placed S.W. on five years’ probation.  On appeal, S.W. contends the evidence is both
legally and factually insufficient to support the adjudication of delinquent
conduct.  We affirm.

Facts

          In September 2002, five-year-old
complainant D.H. attended church services with his father R.H. and seven-year-old
sister L.H.  D.H. testified that after
the services, S.W. saw him in the hallway, grabbed him, pulled him into the
robe room, pulled down D.H.’s pants, and touched his private parts.  D.H. testified that S.W. tried to show him a
pair of sunglasses but he could not see them because the lights were off.  He testified that S.W. then took him down the
hallway, which was empty, to the men’s restroom, put the sunglasses on D.H.,
and held him up to the mirror so he could see himself.  D.H. testified that S.W. then pulled down his
own pants and told D.H. to touch his private part and to lick his private
part.  He further testified that S.W.
locked the door and pulled up his pants when L.H. knocked, but that D.H. then
unlocked the door and ran with L.H. to tell their father what had
happened.  D.H. testified that the three
of them then went out to the parking lot and looked in many cars before D.H.
saw S.W. sitting in a car with another boy, Aaron, and told his father that
S.W. was his assailant.

          L.H.
testified that she saw S.W. take D.H. into the robe room, that the lights were
on, and that she saw S.W. put the sunglasses on D.H. in that room.  She testified that she did not see any
inappropriate touching in that room. 
L.H. testified that she followed R.H. and S.W. to the restroom and that
they both knew she was following them. 
L.H. testified that she saw S.W. hold D.H. up to the mirror, and that
after the door was shut, she immediately started banging on the door.  She testified that she did not see any
inappropriate touching, but that if it occurred, it had to be just before she
started knocking on the door.  She
testified that D.H. then exited the bathroom, they ran to tell R.H., and then
looked in several cars before finding S.W. sitting in a car with another boy,
Aaron, who looked very similar to S.W. 

          R.H.
testified that after D.H. and L.H. told him what happened, they went out in the
parking lot and saw S.W.’s head pop up in one of the cars.  R.H. testified that they did not look in any
other cars, and that S.W. was alone in the car where they found him.  He testified that when they saw S.W., D.H.
said “there he is.”  

          S.W.
testified that he was in the robe room with D.H., a girl named Erin, and his
brother T.W.  He testified that the
lights were on, and that the door was open. 
S.W. testified that he showed the sunglasses to Erin, but that D.H. took
them from her, so S.W. took them back from D.H. and gave them back to
Erin.  He testified that D.H. then kicked
him in the groin and ran out of the room. 
S.W. testified that he then left the church building to go sit in
someone’s car and listen to music with his brother T.W., and that D.H. than
approached the car with his sister and father and identified S.W. as his
assailant.  S.W. denied being in a
restroom with D.H.  

          S.W.’s
grandmother testified that she was in the hallway of the church when S.W. went
into the robe room, and that she went into the ladies’ restroom for about three
minutes.  She testified that when she
left the restroom, S.W. and his brother were already outside, and that S.W. was
in her view from the time she went outside until the time D.H. identified him
in the car.

Discussion

          S.W.
contends the evidence is legally and factually insufficient to establish his
identity as the perpetrator of any delinquent conduct that may have
occurred.  In juvenile cases, we apply the
criminal sufficiency standards of review.  In re L.R., 84 S.W.3d 701, 704 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). 
When evaluating the legal sufficiency of the evidence, we view the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
When evaluating factual sufficiency, we consider all the evidence in a
neutral light to determine whether the jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  Evidence may be insufficient if, considered
by itself, it is too weak to support the verdict, or if, weighing all the
evidence, the contrary evidence is strong enough that the
beyond-a-reasonable-doubt standard could not have been met.  Id. at 484–85.  

          In
his first issue, S.W. contends that because D.H., L.H., and R.H. all gave
different accounts of the events, the evidence is legally insufficient to
demonstrate beyond a reasonable doubt that S.W. was the perpetrator.  However, the testimony of a
child victim alone is sufficient to support a conviction for indecency with a
child.  See Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.—Austin
2003, pet. ref’d).  A person commits
indecency with a child if he engages in sexual contact with a child younger
than seventeen.  Tex. Pen. Code Ann. § 21.11 (Vernon 2003).  D.H. testified
that S.W. pulled him into the robe room and touched D.H.’s private parts, and
then dragged D.H. into the men’s bathroom, grabbed his hand, and made him touch
S.W.’s private parts.  This alone would be
enough to support the conviction.  In
addition, L.H. and R.H. both testified that D.H. positively identified S.W. as
the perpetrator in the parking lot immediately after the incident.  Even S.W. testified that D.H. identified him
as the perpetrator.  Viewed in a light
most favorable to the verdict, a rational jury could have found that S.W. engaged
in sexual contact with D.H.  Accordingly,
we hold the evidence is legally sufficient, and overrule S.W.’s first issue.

In his second issue, S.W. contends
the evidence of his identity as the perpetrator is factually insufficient
because the evidence supporting the finding of guilt is too weak, and the evidence
contrary to the finding is too strong, for the beyond-a-reasonable-doubt
standard to have been met.  S.W. claims
the only evidence supporting the verdict is D.H.’s testimony that S.W. took him
into the robe room and then into the restroom and had sexual contact with him,
and L.H.’s corroborative testimony that S.W. took D.H. into the restroom and
that D.H. then identified S.W. in the parking lot.  He observes that L.H. offered conflicting
evidence that the lights were on in the robe room, that she followed D.H. and
S.W. down the hall to the restroom, and that S.W. was in the car with another
similar looking boy.  Moreover, L.H.
could not independently identify S.W.  In
addition, R.H. offered conflicting evidence that S.W. was alone in the car and
that they only looked in one car.  S.W.
contends that these conflicts affect the credibility of all the witnesses, thus
undermining the possibility that the jury could have found S.W. guilty beyond a
reasonable doubt.  

An appellate court should not
substantially intrude on the jury’s role as the sole judge of the credibility
of the witnesses and the weight to be given the evidence.  Tex. Code
Crim. Proc. Ann. art. 38.04 (Vernon 2005); Wesbrook v. State, 29
S.W.3d 103, 112 (Tex. Crim. App. 2000).  
Thus, the jury is permitted to believe or disbelieve any part of the
testimony of any witness.  Jones v.
State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998).  Reconciliation of evidentiary conflicts is
solely a function of the trier of fact.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  The jury could have accepted those portions
of D.H.’s, L.H.’s, and R.H.’s testimony sufficient to support the conviction,
and disregarded the inconsistencies.  A
decision is not legally or factually insufficient merely because the jury
resolved the conflicting views of the evidence in favor of the State.  See Cain v. State, 958 S.W.2d 404, 410
(Tex. Crim. App. 1997).  Accordingly, we
hold the evidence is factually sufficient, and overrule S.W.’s second issue.

 

 

Conclusion

We hold the evidence is both legally
and factually sufficient to support the finding of guilt and therefore affirm
the judgment of the trial court.

 

 

 

Jane Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.